IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher Jermaine McGee,           )
                                      )
                Plaintiff,            )
                                      )        Civil Action No. 6:26-cv-1163-BHH
v.                                    )
                                      )        **<u>ORDER</u>**
Seldon T. Peden,                      )
                                      )
                Defendant.            )
_____ )

This matter is before the Court upon Plaintiff Christopher Jermaine McGee's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 24, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action with prejudice under §§ 1915(e) and 1915A and without issuance of service of process based on Plaintiff's failure to state a claim.  (ECF No. 10.)  In the Report, the Magistrate Judge explained that Plaintiff brings this action pursuant to 42 U.S.C. § 1983, but that the only named Defendant, who served as a judge in Plaintiff's criminal case, is entitled to absolute immunity for acts taken in connection with Defendant's judicial authority. (*Id.*)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 10), and the Court dismisses this action with prejudice under §§ 1915(e) and 1915A and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 16, 2026
Charleston, South Carolina